{¶ 1} Appellant Misty McNichols ("Mother") appeals the April 16, 2008 Entries, and Findings of Fact and Conclusions of Law entered by the Fairfield County Court of Common Pleas, Juvenile Division, which terminated her parental rights, privileges and responsibilities with respect to her two minor children, and granted permanent custody of the children to Appellee Fairfield County Department of Job and Family Services ("the Department").
 STATEMENT OF THE FACTS AND CASE {¶ 2} Mother is the biological mother of Brittany McNichols (DOB 8/20/99) and Shyann Nuzum (DOB 1/8/01 ).[1] On February 27, 2006, Mother signed a safety plan, agreeing the girls should be placed with their caregiver, Tina Beers. The Department initiated the safety plan after Mother tested positive for prescription medication which had not been prescribed for her. Mother worked voluntarily with the Department until August 2, 2006, when she advised Department workers she would no longer comply with the required services. As a result, on August 11, 2006, the Department filed a Complaint, seeking temporary custody of Brittany and Shyann.
 {¶ 3} Following a shelter care hearing, the trial court placed the children in the temporary custody of the Department. The trial court subsequently adjudicated the children dependent, and ordered the children remain in the temporary custody of the Department. Mother did not contest the finding. The trial court conducted review hearings on December 7, 2006, March 8, 2007, and August 23, 2007. *Page 3 
 {¶ 4} On October 3, 2007, the Department filed a motion requesting permanent custody of Brittany and Shyann, based upon Mother's failure to comply with her case plan and her incarceration in a state penal institution. Mother had been residing at the Ohio Reformatory for Women since October 1, 2007. The trial court conducted a hearing on the motion on February 12, 2008. Mother was still incarcerated, but had been granted judicial release which was to take effect in July, 2008. The guardian ad litem filed his report on February 12, 2008, recommending the Department be granted permanent custody.
 {¶ 5} At the hearing, Alisha Snoke, a family-based care-worker with the Department, testified as to the objectives of Mother's case plan. Snoke explained the Department had concerns about Mother's inability to protect Brittany and Shyann. During the course of the proceedings, the girls did not live with Mother; therefore, Mother did not have an opportunity to work on this aspect of her case plan. However, Snoke explained Mother is currently married to an individual named Robert Cramblit, and Mother had reported domestic issues to the Department involving herself and Cramblit. The Department continued to have concerns for the girls' safety because of this relationship.
 {¶ 6} Mother's case plan also focused on her need to consistently engage in counseling in order to learn to appropriately respond to stressful situations. Mother began counseling at Mid-Ohio Psychological Services. She attended five (5) of eighteen (18) scheduled appointments. Mother presented at an in-patient treatment center upon the recommendation of the Recovery Center, which conducted her psychological evaluation. However, Mother had drugs in her system and was denied *Page 4 
access to the program. On June 7, 2007, Mother began in-patient treatment at Rural Women's Recovery Program. Mother left the program on July 21, 2007, against the advice of her counselors.
 {¶ 7} Mother was arrested on July 25, 2007. She was released from prison on September 18, 2007, but reported back on September 28, 2007, and was subsequently transported to the Ohio Reformatory for Women. Mother admitted she took prescription medication which had not been prescribed to her sometime during the ten (10) days she was out of jail in September. Mother had also spent fifteen (15) days in jail in April, 2007.
 {¶ 8} Mother's case plan required her to maintain employment and housing. Mother worked for one (1) month in June, 2006. In 2007, Mother worked for an unknown period of time at a car wash. She also worked for a two-week period at Dysart, but could not recall when she worked there.
 {¶ 9} Following the hearing, the trial court issued Findings of Fact and Conclusions of Law on April 16, 2006, finding the children could not or should not be placed with Mother, and it would be in the children's best interest to grant permanent custody to the Department. Via Entries filed the same day, the trial court terminated Mother's parental rights, privileges and responsibilities with respect to Brittany and Shyann, and granted permanent custody of the girls to the Department.
 {¶ 10} It is from the April 16, 2008 Entries, and Findings of Fact and Conclusions of Law, Mother appeals, raising the following assignment of error:
 {¶ 11} "I. THE DECISION OF THE TRIAL COURT GRANTING PERMANENT CUSTODY OF APPELLANT'S CHILDREN TO FAIRFIELD COUNTY CHILD *Page 5 
PROTECTIVE SERVICES WAS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE, AS THE RECORD DOES NOT CONTAIN CLEAR AND CONVINCING EVIDENCE THAT PERMANENT CUSTODY WAS IN THE CHILDREN'S BEST INTEREST AND THAT THE CHILDREN CANNOT BE PLACED WITH EITHER PARENT WITHIN A REASONABLE TIME."
 {¶ 12} This case comes to us on the expedited calendar and shall be considered in compliance with App. R. 11.1(C).
 I {¶ 13} In her sole assignment of error, Mother contends the trial court erred in granting permanent custody of Brittany and Shyann to the Department as the trial court's findings it was in the girls' best interest to do so, and the children could not or should not be returned to Mother within a reasonable time were against the manifest weight of the evidence.
 {¶ 14} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.. Jeffries (Feb. 10, 1982), Stark App. No. CA5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279,376 N.E.2d 578.
 {¶ 15} Furthermore, it is well-established "[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the *Page 6 
impact the court's determination will have on the lives of the parties concerned." In re Mauzy Children (Nov. 13, 2000), Stark App. No. 2000CA00244, quoting In re Awkal (1994), 95 Ohio App.3d 309, 316,642 N.E.2d 424.
 {¶ 16} R.C. 2151.414 sets forth the guidelines a trial court must follow when deciding a motion for permanent custody. R.C. 2151.414(A)(1) mandates the trial court schedule a hearing, and provide notice, upon filing of a motion for permanent custody of a child by a public children services agency or private child placing agency that has temporary custody of the child or has placed the child in long-term foster care.
 {¶ 17} Following the hearing, R.C. 2151.414(B) authorizes the juvenile court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, it is in the best interest of the child to grant permanent custody to the agency, and that any of the following apply: (a) the child is not abandoned or orphaned, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents; (b) the child is abandoned; (c) the child is orphaned and there are no relatives of the child who are able to take permanent custody; or (d) the child has been in the temporary custody of one or more public children services agencies or private child placement agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
 {¶ 18} In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home *Page 7 
providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.
 {¶ 19} Therefore, R.C. 2151.414(B) establishes a two-pronged analysis the trial court must apply when ruling on a motion for permanent custody. In practice, the trial court will usually determine whether one of the four circumstances delineated in R.C. 2151.414(B)(1)(a) through (d) is present before proceeding to a determination regarding the best interest of the child.
 {¶ 20} If the child is not abandoned or orphaned, then the focus turns to whether the child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. Under R.C. 2151.414(E), the trial court must consider all relevant evidence before making this determination. The trial court is required to enter such a finding if it determines, by clear and convincing evidence, that one or more of the factors enumerated in R .C. 2151.414(E)(1) through (16) exist with respect to each of the child's parents.
 {¶ 21} Mother contends the Department failed to appreciate the strong bond she had with her daughters, and the positive interactions during visits. Although we recognize the importance of a strong parent-child bond in these situations, Mother failed to rectify the problems which resulted in the children's initial removal from her home. Mother failed to complete her counseling program. Mother continued to abuse prescription medication. Further, Mother was repeatedly incarcerated throughout the *Page 8 
course of the proceedings. R.C. 2151.414(E)(13) provides: "The parent is repeatedly incarcerated, and the repeated incarceration prevents the parent from providing care for the child". This factor alone is sufficient to support the trial court's finding Brittany and Shyann could not or should not be placed with Mother.
 {¶ 22} We now turn to the trial court's determination the granting of permanent custody to the Department was in the girls' best interest. R.C. 2151.414(D)(3) provides:
 {¶ 23} "In determining the best interest of a child * * * the court shall consider all relevant factors, including, but not limited to, the following: * * * (3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999".
 {¶ 24} At the time of the hearing, the girls had been in the temporary custody of the Department for almost 24 months. This factor is sufficient to support the trial court's best interest determination pursuant to R.C. 2152.414(D)(3).
 {¶ 25} Based upon the foregoing and the entire record in this matter, we find the trial court's findings the children could not or should not be placed with Mother within a reasonable time and it was in the best interest of the children to grant permanent custody to the Department were supported by clear and convincing evidence.
 {¶ 26} Mother's sole assignment of error is overruled. *Page 9 
 {¶ 27} The judgment of the Fairfield County Court of Common Pleas, Juvenile Division, is affirmed.
[1] Jerry Johnson, II, is the father of Brittany. Daniel Nuzum is the father of Shyann. Neither father is a party to this appeal.
 Hoffman, P.J. Farmer, J. and Delaney, J. concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to Appellant. *Page 1